# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY.

### MAY TERM, 1872.

---

## MORRIS *vs.* TAYLOR.

1. Where the defence to a bill for foreclosure is that the amount for which the mortgage was given was not advanced, and the court, upon the evidence, adjudge the defence of usury is not sustained, and refer it to a master to compute the amount due upon the mortgage, evidence to show that the amount had not been advanced, is inadmissible.

2. When a cause is set down for hearing on the first day of the term, and the defendant gives notice of hearing of exceptions to the master's report at a later day in the term, but enters no rule to set down the hearing, and the exceptions are not placed on the calendar, and upon the call of the calendar the complainant's counsel tenders himself ready to move the cause, but cannot proceed until the exceptions are disposed of, the complainant is entitled to move at once at the same term, upon the overruling of the exceptions, for final decree.

3. Exceptions must be set down for hearing, and placed upon the calendar like the hearing of other causes, and notice thereof must be served fifteen days before the hearing, or the report will be confirmed as a matter of course.

4. The order setting down the exceptions for argument must be both entered and served before the expiration of the time in the rule *nisi*, or the report will be confirmed. Either party may set them down for argument.

5. When the merits of the cause have been determined in the interlocutory decree and the reference is to compute amounts due, or to settle facts, and the master's report is confirmed upon exceptions taken, nothing further is to be done upon the cause being moved, when set down for further

directions or final decree, than to decree the relief adjudged on the inter-locutory decree for the amounts, or upon the facts settled by the master's report thus confirmed. The merits of the case determined by the inter-locutory decree cannot be again gone into.

6. In case of a plain mistake of the master evident upon the face of the account, which was not included in the exceptions or considered in the hearing of them, the court will, in its discretion, correct the mistake, or defer the final decree until it can be examined into and corrected. But no such mistake is pointed out in this case.

The argument was had upon exceptions to the master's report, and the cause set down for hearing on further direc-tions upon the master's report.

*Mr. J. Wilson,* for complainant.

*Mr. W. H. Vredenburgh,* for defendant.

THE CHANCELLOR.

The bill is for the foreclosure of two mortgages. The answer admits the mortgages, but sets up that the complain-ant did not advance to the defendant, on either mortgage, the amount for which it was given, and that the mortgages were given upon an agreement to advance the sums paid, upon giving the mortgages respectively, for greater amounts. The answer insists that these bonds and mortgages are usurious, and that the complainant should only recover the amounts actually advanced, without interest or costs.

The cause was heard before the Vice-Chancellor, who, upon hearing the evidence, being of opinion that the defence of usury was not sustained, advised a decree adjudging that it was not sustained, and referring it to a master to compute the amount due upon the mortgage, with directions not to allow a credit of $180, endorsed on one of the bonds.

The Court of Errors, upon appeal, affirmed the decree ad-vised by the Vice-Chancellor. The decision in both courts was upon the ground that the evidence did not sufficiently

Morris *v.* Taylor.

sustain the allegation that the amounts for which the mortgages were given had not been advanced.

The master, on the reference, refused to hear evidence offered by the defendant to show that these amounts had not been advanced. To this the defendant filed exceptions. The cause was set down for hearing on the first day of the term by the complainant, and the defendant gave notice of hearing the exceptions on Friday of the second week of the term, but entered no rule to set down the hearing, and the exceptions were, therefore, not placed upon the calendar for the term.

Upon the call of the calendar, the complainant's counsel tendered himself ready to move the cause, but could not proceed until the exceptions were disposed of.

The decision in this court and the Court of Errors must be conclusive as to the validity of those mortgages for the whole amount secured by them. The answer expressly alleged that the whole amount was not advanced. If this is treated only as part of the defence of usury, and not as a distinct defence to part of the mortgage debt, then, like any other defence, it is of no avail because not set up. And the master could not inquire into the validity of a defence not set up in the answer, any more than he could inquire into usury or fraud in the consideration, in a cause wherein the only defence set up was infancy, and not sustained at the hearing. But if the allegations that part of the consideration was not advanced are set up so as to form a defence on that ground, without regard to the usurious interest, (as I think they are,) they must be regarded as settled by the decision here in this court and in the Court of Errors. The reasoning in the opinions in both courts, shows that the whole question turned upon the sufficiency of the proof to establish the fact that only part of the consideration was advanced. In either case, the burden of proof was on the defendant. The holder of a bond or mortgage is not bound to prove satisfactorily, or at all, that the money was advanced. The instruments are proof of that. And it should require as clear proof to disturb this evidence when founded on solemn instruments under seal, as to prove

usury. And all the observations of the Vice-Chancellor on that matter will apply as well to proof of want of consideration.

The order referring it to the master to compute the amount due upon the bond and mortgage, is, in effect, an adjudication that they are valid securities for the amounts for which they are given. That order might, and perhaps should, have so expressly adjudged. If the defence of want of consideration was, as I have taken for granted, set up in the answer, it was the duty of the court to have considered and determined it. A matter put in issue by the pleading must be determined by the court, and cannot be referred to a master, unless for the disability of the Chancellor the whole cause is so referred, and then the master determines it, sitting as and for the Chancellor.

I had at first some doubt whether the complainant, having suffered the cause to be passed on the first call, could, without having it again set down, move it at this term for final decree. But that doubt has been overcome, both by the express ruling of Chancellor Halsted in *Brundage* v. *Goodfellow*, 4 *Halst. Ch.* 513, and by the settled rules of practice in case of exceptions to masters' reports on reference upon interlocutory decree.

The statutes of this state and the rules of this court, have little in them upon the question here. The ninety-fourth rule requires all *causes* to be *set down* for hearing on the first day of the term, if practicable, and in all cases before the twentieth day; and that a notice shall be furnished to the clerk six days before the term, that it may be entered on the calendar. The ninety-fifth rule requires that notice of bringing causes to a hearing, including exceptions to a master's report, shall be served fifteen days before such hearing or argument. This shows that such exceptions must be set down for hearing and placed upon the calendar, like the hearing of other causes.

The English practice requires this, and that, when not

altered by statute, rule of court, or practice, is the law of this court.

The order setting down the exceptions for argument must be both entered and served before the expiration of the time in the rule *nisi*, or the report will be confirmed. Either party may set them down for argument. 2 *Daniell's Ch. Pr.* 1310, 1316; 1 *Newland's Ch. Pr.* 345; *Gildart* v. *Moss*, 4 *Ves.* 617.

In this state the English practice of setting down causes for hearing by rule entered, or supposed to be entered, for that purpose, has always been continued. The subpœna to hear judgment was abolished by the chancery practice act of 1799, § 56, (*Nix. Dig.* 115, § 76,) and notice of hearing substituted in its place.

Exceptions to a master's report must, then, be regularly set down for hearing and entered on the calendar, or the report will be confirmed as a matter of course. In this case, as the argument of the exceptions was allowed to come on without objection on that account, no advantage can be taken of this default, but the case is in the same position as if the exceptions had been regularly set down for hearing and overruled.

As the counsel of the complainant answered to the case upon the call of the calendar, ready to proceed as soon as the exceptions were disposed of, there was no default, and he is entitled to move for final decree at the present term. When the merits of the cause have been determined in the interlocutory decree, and the reference is to compute amounts due or to settle facts, and the master's report is confirmed upon exceptions taken, nothing further is to be done upon the cause being moved, when set down for further directions or final decree, than to decree the relief adjudged on the interlocutory decree for the amounts, or upon the facts settled by the master's report thus confirmed. The merits of the case determined by the interlocutory decree cannot be again gone into; they were once determined. The correctness of the master's account cannot be reconsidered; that must be examined upon

the exceptions, which, once overruled, will not be considered on this motion.

In case of a plain mistake of the master, evident upon the face of the account, which was not included in the exceptions or considered in the hearing of them, the court would, in its discretion, correct the mistake, or defer the final decree until it should be examined into and corrected. No such mistake is here pointed out. The matter urged as a mistake is not that of the master, but if it exists, of the Vice-Chancellor and Court of Errors in the interlocutory decree.